```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
TOKYO MARINE AND NICHIDO FIRE INSURANCE
CO., LTD., as subrogee for Mitsubishi
Motors Credit of America, Inc.,
                                              MEMORANDUM AND ORDER
            Plaintiff,                        07-CV-2514 (JS) (AKT)

      -against-

ROSALIE CALABRESE and LOUIS FACCIPONTI,

            Defendants.
----------------------------------------X
ROSALIE CALABRESE and LOUIS FACCIPONTI,

            Third-Party Plaintiffs,

      -against-

RUSSO & APOZNANSKI, and MONTFORT,
HEALY, MCGUIRE & SALLEY, LLP,

            Third-Party Defendants.
----------------------------------------X
RUSSO & APOZNANSKI,

            Cross-Claimant,

      -against-

MONTFORT, HEALY, MCGUIRE & SALLEY, LLP,

            Cross-Claim Defendant,
----------------------------------------X
MONTFORT, HEALY, MCGUIRE & SALLEY, LLP,

            Cross-Claimant,

      -against-

RUSSO & APOZNANSKI,

            Cross-Claim Defendant,
----------------------------------------X
```

```
APPEARANCES:
For Plaintiffs:              Hae Jin Shim, Esq.
                             London Fischer LLP
                             59 Maiden Lane
                             New York, NY 10038


For Rosalie Calabrese        Carl S. Sandel, Esq.
and Louis Facciponti:        Morris Duffy Alonso & Faley
                             Two Rector Street
                             New York, NY 10006


For Russo & Apoznanski:      Diane K. Kanca, Esq.
                             Mark J. Sarro, Esq.
                             Edward Griffin Warren, Esq.
                             The McDonough Law Firm, L.L.P.
                             145 Huguenot Street, 3rd Floor
                             New Rochelle, NY 10801

                             Frank T. Cara, Esq.
                             The Judlau Companies
                             26-15 Ulmer Street
                             College Point,, NY 11354

For Montfort Healy:          Argyrios Petropoulos, Esq.
                             Jared Andrew Kasschau, Esq.
                             Rebecca Jeanne Waldren, Esq.
                             Catalano Gallardo & Petropoulos LLP
                             100 Jericho Quadrangle, Suite 214
                             Jericho, NY 11753

                             Ralph A. Catalano, Esq.
                             Catalano, Gallardo & Petropoulos, LLP
                             1565 Franklin Avenue
                             Mineola, NY 11501

                             Candice Brook Ratner, Esq.
                             L'Abbate, Balkan,
                             Colavita & Contini LLP
                             1001 Franklin Avenue, 3rd Fl.
                             Garden City, NY 11530

                             Christopher B. Weldon, Esq.
                             Lustig & Brown, LLP
                             190 Old Ridgefield Rd
                             Wilton, CT 06897
```

Stephen Carson Cunningham, Esq.
William C. Kelly, Esq.
Lustig & Brown LLP
28 West 44th Street, 20th Floor
New York, NY 10036

SEYBERT, District Judge:

On September 21, 2009, Magistrate Judge A. Kathleen Tomlinson issued an Order that, among other things, denied Third Party Defendants Montfort, Healy, McGuire & Salley, LLP ("Montfort Healy") and Russo & Apoznanski ("Russo Apoznanski") (together, "Third Party Defendants") leave to file a Second Third Party Complaint against London Fischer LLP ("London Fischer"). Montfort Healy and Russo Apoznanski filed Objections to this Order. <u>See</u> Docket Nos. 85, 87. For the following reasons, those Objections are OVERRULED.

## BACKGROUND

Magistrate Judge Tomlinson's September 21 Order includes a detailed discussion of the underlying facts, which the Court sees no reason to repeat at length. In brief, Defendants/Third-Party Plaintiffs Rosalie Calabrese and Louis Facciponti were sued in a state court car accident case. The Third Party Defendants represented Ms. Calabrese, Mr. Facciponti, and co-Defendant Mitsubishi Motors Credit of America ("MMCA"). London Fischer represented MMCA, and its insurer, Tokyo Marine and Nichido Fire Insurance Co, Ltd. ("Tokyo Marine"), but did not represent Ms. Calabrese or Mr. Facciponti.

3

The state court action settled for $1.5 million. Ms. Calabrese, Mr. Facciponti, and insurer GEICO paid only $100,000 of that settlement. MMCA and Tokyo Marine paid the remaining $1.4 million, then commenced this action seeking indemnification for this amount from Ms. Calabrese and Mr. Facciponti. Ms. Calabrese and Mr. Facciponti, in turn, filed a Third Party Complaint against Third Party Defendants and London Fischer, alleging legal malpractice. But, only a few weeks after filing the Third Party Complaint, Ms. Calabrese and Mr. Facciponti agreed to dismiss their claims against London Fischer.

The Third Party Defendants then sought leave before Magistrate Judge Tomlinson to commence a second third party action against London Fischer, which Magistrate Judge Tomlinson denied.

## DISCUSSION

As an initial matter, the parties dispute what standard of review applies. The Third Party Defendants contend that, because Magistrate Judge Tomlinson's Order precludes them from bringing claims against London Fischer, it was dispositive in nature. Thus, the Third Party Defendants argue, the Court should review the Order de novo. Plaintiffs disagree, arguing that the Court should review only for clear error.

The Court does not reach this issue. Having reviewed Magistrate Judge Tomlinson's Order, the Court finds it to be

4

exceptionally well-reasoned, and without any error whatsoever. Thus, regardless of whether the Court conducted a <u>de</u> <u>novo</u> or clear error review, it would overrule the Third Party Defendants' Objections.

As Magistrate Judge Tomlinson's Order correctly noted, London Fischer did not represent the Third Party Defendants, Ms. Calabrese or Mr. Facciponti. Rather, it represented co-defendant MMCA and its insurer, Tokyo Marine. Thus, London Fischer owed a duty only to MMCA and Tokyo Marine, and not to the Third Party Defendants, or to the Third Party Defendants' clients, Ms. Calabrese and Mr. Facciponti. Sept. 21, 2009 Order at p. 17. And without such a duty, Magistrate Judge Tomlinson correctly held that London Fischer cannot face any liability based on alleged legal malpractice.

In objecting to Magistrate Judge Tomlinson's Order, the Third Party Defendants contend that London Fischer can face contribution liability even though it owed no duty to Ms. Calabrese, Mr. Facciponti, or the Third Party Defendants. In this regard, the Third Party Defendants rely principally on <u>Shauer v. Joyce</u>, 54 N.Y.2d 1 (N.Y. 1981) and <u>Nassau Roofing & Sheet Metal Co. v. Facilities Development Corp.</u>, 71 N.Y.2d 599 (N.Y. 1988). But this reliance is misplaced.

In <u>Shauer</u>, the New York Court of Appeals held that an attorney sued for legal malpractice could bring a contribution

5

claim against another attorney who represented the <u>same</u> <u>client</u> in the <u>same</u> <u>matter</u>, under a theory that it was the second attorney's negligence that at least partially caused the client's injuries. <u>Shauer</u>, 54 N.Y.2d at 5. Here, however, London Fischer never represented the Third Party Defendants' clients, but rather a co-defendant and that defendant's insurer. So, unlike in <u>Shauer</u>, the Third Party Defendants and London Fischer did not owe a duty to the same client, and London Fischer's alleged negligence in representing its clients cannot reduce the Third Party Defendants' potential liability to Ms. Calabrese and Mr. Facciponti.

<u>Nassau Roofing Company</u> is equally inapposite. There, the New York Court of Appeals held that, "[w]hile the culpable party from whom contribution is sought will ordinarily have breached a duty owed directly to the injured party, this is not invariably so," and noted that "[i]n the unusual case the right to apportionment may arise from the duty owed from the contributing party to the party seeking contribution." 71 N.Y.2d at 603 (internal citations and quotations omitted). Here, however, London Fischer did not owe a duty to <u>either</u> the allegedly injured parties (Ms. Calabrese and Mr. Facciponti) or the parties seeking contribution (the Third Party Defendants). Indeed, if anything, London Fischer's obligations were potentially <u>adverse</u> to Ms. Calabrese, Mr. Facciponti, and the

6

Third Party Defendants, because it represented a co-defendant who may have had divergent and conflicting interests. See generally DeAngelis v. American Airlines, Inc., 06-CV-1967, 2010 WL 1270005, at *3 (E.D.N.Y. Mar. 26, 2010) (noting that co-defendants can have "starkly divergent interests").

The Third Party Defendants also argue that, under Nassau County, "[t]he critical requirement for apportionment . . . is that the breach of duty by the contributing party must have had a part in causing or augmenting the injury for which contribution is sought." 71 N.Y.2d at 603. But, contrary to the Third Party Defendants' claims, this does not mean that the Third Party Defendants can seek relief predicated on London Fischer's allegedly negligent representation of co-defendants with potentially divergent or conflicting interests. For, under New York law, a party can seek damages stemming from legal practice only if it enjoys "actual privity" with the allegedly negligent attorney, or a relationship "so close as to approach privity." 76 N.Y. JUR. 2D MALPRACTICE § 39. And here, the Third Party Defendants lacked privity, or anything "approach[ing]" privity with London Fischer.

CONCLUSION

The Third Party Defendants Objections (Docket Nos. 85 and 87) are OVERRULED. Magistrate Judge Tomlinson's September 21, 2009 Order is AFFIRMED in its entirety.

SO ORDERED

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:    Central Islip, New York
          September 8, 2010