```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
TOKYO MARINE AND NICHIDO FIRE INSURANCE      MEMORANDUM AND ORDER
CO., LTD., as subrogee for Mitsubishi        07-CV-2514 (JS) (AKT)
Motors Credit of America, Inc.,

                Plaintiff,

        -against-

ROSALIE CALABRESE and LOUIS FACCIPONTI,

                Defendants.
----------------------------------------X
ROSALIE CALABRESE and LOUIS FACCIPONTI,

                Third-Party
                Plaintiffs,

        -against-

RUSSO & APOZNANSKI, and MONTFORT,
HEALY, MCGUIRE & SALLEY, LLP,

                Third-Party
                Defendants.
----------------------------------------X
RUSSO & APOZNANSKI,

                Cross-Claimant,

        -against-

MONTFORT, HEALY, MCGUIRE & SALLEY, LLP

                Cross-Claim Defendant,
----------------------------------------X
```

```
------------------------------------X
```
MONTFORT, HEALY, MCGUIRE & SALLEY, LLP,

        Cross-Claimant,

  -against-

RUSSO & APOZNANSKI

        Cross-Claim Defendant,
```
------------------------------------X
```
APPEARANCES:

| | |
|---|---|
| For Plaintiffs: | Hae Jin Shim, Esq.<br>London Fischer LLP<br>59 Maiden Lane<br>New York, NY 10038 |
| For Rosalie Calabrese<br>and Louis Facciponti: | Carl S. Sandel, Esq.<br>Morris Duffy Alonso & Faley<br>Two Rector Street<br>New York, NY 10006 |
| For Russo & Apoznanski: | Diane K. Kanca, Esq.<br>Mark J. Sarro, Esq.<br>Edward Griffin Warren, Esq.<br>The McDonough Law Firm, L.L.P.<br>145 Huguenot Street, 3rd Floor<br>New Rochelle, NY 10801<br><br>Frank T. Cara, Esq.<br>The Judlau Companies<br>26-15 Ulmer Street<br>College Point,, NY 11354 |
| For Montfort Healy: | Argyrios Petropoulos, Esq.<br>Jared Andrew Kasschau, Esq.<br>Rebecca Jeanne Waldren, Esq.<br>Catalano Gallardo & Petropoulos LLP<br>100 Jericho Quadrangle, Suite 214<br>Jericho, NY 11753<br><br>Ralph A. Catalano, Esq.<br>Catalano, Gallardo & Petropoulos, LLP<br>1565 Franklin Avenue<br>Mineola, NY 11501 |

                    Candice Brook Ratner, Esq.
                    L'Abbate, Balkan,
                    Colavita & Contini LLP
                    1001 Franklin Avenue, 3rd Fl.
                    Garden City,, NY 11530

                    Christopher B. Weldon, Esq.
                    Lustig & Brown, LLP
                    190 Old Ridgefield Rd
                    Wilton, CT 06897

                    Stephen Carson Cunningham, Esq.
                    William C. Kelly, Esq.
                    Lustig & Brown LLP
                    28 West 44th Street, 20th Floor
                    New York, NY 10036

SEYBERT, District Judge:

      Pending before the Court is Third Party Defendant Montfort, Healy, McGuire & Salley, LLP's ("Montfort Healy") Objections to Magistrate Judge Tomlinson's March 14, 2010 Order denying a motion to compel production of a "Serious Loss Report" from Plaintiff Tokio Marine and Nichido Fire Insurance Co., Ltd. ("Tokio Marine"). See Docket Nos. 91, 93. For the following reasons, those Objections are OVERRULED, and Judge Tomlinson's Order is AFFIRMED.[1]

## DISCUSSION

      In non-dispositive matters, including discovery disputes, the Court shall reverse a Magistrate Judge's order only where it has been shown that the order is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). Here,

---

[1] On August 16, 2010, Magistrate Judge Tomlinson denied a motion for reconsideration of the same Order. See Docket No. 100.

Montfort Healy contends that Magistrate Judge Tomlinson clearly erred because, it argues: (1) the Serious Loss Report is neither privileged nor work product; and (2) even if privileged or work product, Tokio Marine waived its right to assert these protections. After reviewing Montfort Healy's Objections, the Court is confident that Magistrate Judge Tomlinson made no error, much less a clear one.

To begin with, Montfort Healy's argument that the Serious Loss Report is neither privileged nor work product is simply absurd. As Montfort Healy itself sets forth, the Serious Loss Report was an internal report generated by a Tokio Marine non-attorney litigation specialist that analyzed a pending litigation and recommended settlement. (Montfort Healy Br. at 2-4.) At a minimum, that series of facts defines the Serious Loss Report as core opinion work product, entitled to the strongest protection available under the work product doctrine. See In re Grand Jury Subpoena Dated July 6, 2005, 510 F.3d 180, 183 (2d Cir. 2007) (opinion work product reflects the "mental impressions, conclusions, opinions, or legal theories of an attorney or other representative," and must show "a real, rather than speculative, concern" that the work product will reveal counsel's thought processes "in relation to pending or anticipated litigation") (internal citations and quotations omitted). In this regard, it is inconsequential that a

4

litigation specialist wrote the Serious Loss Report, not a licensed attorney. See United States v. Adlman, 134 F.3d 1194, 1195 (2d Cir. 1998) ("a document created because of anticipated litigation, which tends to reveal mental impressions, conclusions, opinions or theories concerning the litigation" qualifies under the work product doctrine, even if created by a non-attorney); see generally United States v. Kovel, 296 F.2d 918, 922 (2d Cir. 1961). And Montfort Healy has put forth nothing to justify overcoming the work product doctrine's protections.

Montfort Healy's argument that Tokio Marine waived privilege/work product deserves somewhat more consideration, but still fails. Montfort Healy contends that Tokio Marine waived privilege because: (1) in bringing this indemnification action, Tokio Marine placed the "reasonableness" of its decision to settle at issue; and (2) Tokio Marine, without objection, permitted its witness to testify about the Serious Loss Report's contents at a deposition.

With respect to (1), the Court agrees that Tokio Marine has placed the "reasonableness" of its settlement in dispute. But, this does not, ipso facto, mean that Tokio Marine has waived privilege with respect to its opinion work product. See Deutsche Bank Trust Co. of Americas v. Tri-Links Inv. Trust, 3 A.D.3d 56, 837 N.Y.S.2d 15, 18 (1st Dep't 2007) ("A

party suing to enforce an alleged right to indemnification for the costs of defending and settling a prior lawsuit does not thereby, without more, place at issue the party's privileged communications with counsel concerning the prior lawsuit and settlement."). Rather, such an "at issue" waiver occurs only "when the party has asserted a claim or defense that he intends to prove by use of the privileged materials." Id., 837 N.Y.S.2d at 23. And here, Tokio Marine has not sought to introduce privileged or work product documents to prove its "reasonableness" claims. Instead, as far as the Court can tell, Tokio Marine has endeavored to establish reasonableness in other ways, such as by identifying unfavorable facts in the underlying lawsuit. Consequently, Tokio Marine has not engaged in an "at issue" waiver.

Tokio Marine also did not waive privilege by (2) failing to object when its witness testified about the Serious Loss Report at a deposition. As Magistrate Judge Tomlinson correctly found, this testimony did not "disclose the substance of any of the legal advice the Plaintiff received." Docket No. 100 at 9. Instead, it did little more than provide the kind of basic information that might be contained on a privilege log, such as setting forth the document's existence and its author.

## CONCLUSION

Montfort Healy's Objections (Docket No. 93) are OVERRULED, and Judge Tomlinson's Order (Docket No. 91) is AFFIRMED.

SO ORDERED

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: Central Islip, New York
December 15, 2010